# Minick v. MTD Products Inc.

C.P. of Lackawanna County, no. 1993 CV 519.

*Nicholas Mattise,* for plaintiffs.
*Mark F. McKenna,* for defendant.

MINORA, *J.,* February 8, 2007—

## I. INTRODUCTION

Currently before the court is the defendant's, MTD Products Inc., renewed motion for summary judgment on the issue of punitive damages only.

By way of background, this is a products liability claim against MTD for injuries that occurred on May 8, 1991, when Melinda Minick, then age 13, lost her right foot and most of the toes on her left foot when she was run over by a lawn tractor manufactured by MTD and operated by her mother, Catherine Minick, while Mrs. Minick was backing up. The plaintiffs allege inter alia that the no cut in reverse (NCIR) feature of the MTD tractor was defectively designed so it could be easily disabled by the consumer.

On or about March 23, 2005, defendant, MTD filed a motion for summary judgment and brief in support thereof seeking dismissal of numerous claims asserted by plaintiffs, Robert Minick Jr., individually and as parent and natural guardian of Melinda Minick, a minor (collectively referred to as "plaintiffs" and referred to individually as "plaintiff-Father" and "plaintiff-Minor"). Plaintiffs filed a brief in opposition to MTD's motion for summary judgment on or about May 13, 2005.

Included within the claims that MTD sought to have dismissed was plaintiffs' punitive damages claim. Plain-

tiffs, in opposition to the motion for summary judgment on the issue of punitive damages, argued that a 1986 customer survey conducted by MTD and a Consumer Product Safety Commission (CPSC) study for ride-on mowers covering years 1983 through 1986 provided sufficient evidence of the requisite state of mind to enable plaintiffs to survive summary judgment on said issue.

In support of its motion for summary judgment and in opposition to plaintiffs' reliance upon the aforementioned studies, MTD directed this honorable court to *Hutchinson v. Penske Truck Leasing Company,* 876 A.2d 978, 983 (2005), *appeal granted,* 586 Pa. 771, 895 A.2d 1262 (2006), wherein the Superior Court held that in order for a party to rely upon prior accidents to establish the defendant's state of mind, he/she must establish "substantial similarity of conditions between the other accidents and the accident that injured the plaintiff." (internal quotation and citation omitted)

The undersigned, in our October 26, 2005 memorandum and order of court, held that "in the case at hand, plaintiffs are relying heavily on the 200 prior accidents as evidence of MTD's state of mind and their punitive damages claim. At this point, the record is unclear as to the foundation necessary to send this evidence to a jury set forth above." The court went on to direct that plaintiffs should "address the issues set forth by *Hutchinson* by conducting supplemental discovery to determine if the substantial similarity test set forth by *Hutchinson* is evident in case." Plaintiffs were directed by this court to conduct additional discovery addressing the "substantial similarity factors set forth in *Hutchinson v. Penske Truck Leasing Company,* in order to sustain the state of

mind evidence necessary to continue their claim for punitive damages" within 120 days from the date of the order of court. Accordingly, discovery was to be concluded by plaintiffs on February 22, 2006. The plaintiffs chose not to conduct additional discovery nor ask the court for an extension of time to do so. They chose to rely on the record as it stands in opposition to this latest motion for summary judgment regarding punitive damages only.

The matter has been thoroughly briefed and argued before the undersigned and is now ripe for disposition.

## II. ISSUE

Should defendant MTD's motion for summary judgment as to punitive damages be granted or denied?

## III. DISCUSSION

### A. *The General Standards for Summary Judgment*

As we indicated many times, summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Most importantly, the record must be reviewed in the light most favorable to the non-moving party, and all doubts as to

the existence of a genuine issue of material fact must be resolved against the moving party. See Pa.R.C.P. 1035.2; *Swords v. Harleysville Insurance Companies,* 584 Pa. 382, 883 A.2d 562 (2005); *Continental Cas. Co. v. Pro Machine,* 916 A.2d 1111 (Pa. Super. 2007); *Barnish v. KWI Bldg. Co.,* 916 A.2d 642, (Pa. Super. 2007).

With these general principles in mind, we now examine the defendant's specific contentions as to summary judgment as it pertains to the issue of punitive damages.

### B. *Summary Judgment Revisited in Regards to the Issue of Punitive Damages*

As we indicated earlier, in product liability cases grounded in a theory of strict liability, plaintiff may seek punitive damages as well as compensatory damages and such punitive damages "are awarded in rare instances, to punish and deter outrageous, extreme and egregious behavior." *Hutchinson v. Penske Truck Leasing Co.,* 876 A.2d 978, 983, (Pa. Super. 2005), *appeal granted,* 586 Pa. 771, 895 A.2d 1262 (2006).[1] (internal citations omitted)

Ordinary negligence, involving inadvertence, mistake or error of judgment will not support an award of punitive damages. Rather, to justify an award of punitive damages, the fact-finder must determine that the defendant acted with a culpable state of mind, *i.e.,* with evil motive or reckless indifference to the rights of others. "Since a culpable state of mind is required for an award of punitive damages, evidence of the defendant's knowledge or

---

1. We note that the Supreme Court has granted allocatur in *Hutchinson.* Its decision is pending at the time of this writing.

intention is highly relevant." *Hutchinson v. Penske Truck Leasing Co.,* 876 A.2d 978, 984 (Pa. Super. 2005).

In *Hutchinson, supra,* our Superior Court ruled that to offer evidence on the "state of mind" of the defendant based on prior accidents, the plaintiff must demonstrate that the prior accidents are "substantially similar." *Hutchinson v. Penske Truck Leasing Co.,* 876 A.2d 978, 983-88 (Pa. Super. 2005).[2]

In the case at hand, looking at the evidence in the light most favorable to non-movant plaintiffs, a jury could find that MTD was aware of the substantial number of injuries to children from back over accidents; that its NCIR system was being disconnected with some frequency; and that its tractors had nothing to prevent the operation of the NCIR safety feature from being rendered non-operational, yet despite that knowledge, MTD never changed the design of the NCIR system.

As we previously indicated, we carefully considered defendant's reliance on *Hutchinson,* realizing part of *Hutchinson* sets forth the rules for using the "substantial similarity test" to prove *defectiveness,* not state of mind. (emphasis added) (See *Hutchinson,* 876 A.2d at 983, for instance.)

---

2. Courts have engaged in several inquiries in determining whether the other accidents were sufficiently similar to the accident at issue: "Was the same instrumentality involved? Did the accidents occur under the same or similar conditions or circumstances? Did the accidents occur at substantially the same place? . . . We stress that the proponent of the evidence bears the burden to establish the similarity between the other accidents and the accident at issue *before* the evidence is submitted." *Hutchinson v. Penske Truck Leasing Co.,* 876 A.2d 978, 983 (Pa. Super. 2005). (emphasis in original)

We further noted that plaintiffs were relying heavily on the 200 prior accidents as evidence of MTD's state of mind in their punitive damages claim. At that point, we felt the record was unclear as to the foundation necessary to send this evidence to a jury set forth above. (See footnote 2.)

At that point, in the interest of justice, the court directed the plaintiffs to address the issues set forth in *Hutchinson* by conducting supplemental discovery to determine if the "substantial similarity" test set forth by *Hutchinson* is evident in this case.

Therefore, we denied defendant's motion for summary judgment as to punitive damages per memorandum and order of October 26, 2005 without prejudice to its right to revisit this issue via a motion in limine or any other procedural vehicle. We also allowed the plaintiffs 120 days to conduct the discovery necessary to address the *Hutchinson* issue. If the plaintiffs needed more time, they were directed to request same from the court. See *Minick v. MTD Products Inc.,* 75 D.&C.4th 225, 236 (2005).

As we noted, the plaintiffs chose not to conduct additional discovery nor request additional time to do so. They are relying on the record as it stands to support their claim for punitive damages.

We are also aware that the Supreme Court has taken *Hutchinson v. Penske Truck Leasing Co., supra* on appeal. (See 586 Pa. 771, 895 A.2d 1262 (2006); 10 and 11 EAP 2006.) The matter has been argued on October 16, 2006 and a decision is pending at this time.

A review of the docket reveals that one of the core issues raised on appeal is whether the Superior Court's

decision in *Hutchinson, supra,* violates Supreme Court precedent and the fundamental principles of relevance regarding the admissibility of evidence on the issue of punitive damages.

This is similar to our current plaintiffs' argument in that a more general common-law approach to punitive damages is espoused rather than the stringent "similarity" standard put forth by the Superior Court in *Hutchinson.*

Until the Supreme Court gives us guidance on this issue, it would be inappropriate to grant summary judgment at this time since the law on the issue is in a state of flux and uncertain. Thus, we cannot say without doubt that defendant is entitled to summary judgment on the issue of punitive damages as a matter of law. See generally, *Chepkevich v. Hidden Valley Resort L.P.,* 911 A.2d 946 (Pa. Super. 2006).

Therefore, we will deny defendant's renewed motion for summary judgment on the issue of punitive damages at this time without prejudice to the right of the parties to revisit the issue once the Supreme Court issues its decision in *Hutchinson v. Penske Truck Leasing Co., supra.*

An appropriate order follows.

## ORDER

And now to wit, February 8, 2007, after due consideration of defendant's renewed motion for summary judgment on the issue of punitive damages, the able written and verbal arguments of counsel and the court's own independent research and in accordance with the forego-

ing memorandum, it is hereby ordered and decreed that defendant's renewed motion for summary judgment as to punitive damages is denied without prejudice to the right of the parties to revisit the issue once the Pennsylvania Supreme Court issues its decision in *Hutchinson v. Penske Truck Leasing Co., supra.*